## Speaks v. Commonwealth.

(Decided September 20, 1912.)

### Appeal from Daviess Circuit Court.

1. Criminal Law—Conviction for Voluntary Manslaughter—Prejudicial Error in Instruction.—Upon an indictment for murder appellant was found guilty of voluntary manslaughter. His defense was that he did not know tht pistol was loaded and that the shooting of deceased was accidental. Upon the trial the court gave instructions upion murder, voluntary manslaughter, involuntary manslaughter and killing by accident, and an additional instruction under which it was impossible for the jury to find the defendant guilty of involuntary manslaughter, and which, in effect, did not permit the jury to find him guilty of anything less than voluntary manslaughter. The effect of this instruction denied the jury the right to pass upon the degree of the offense, and was highly prejudicial.

2. Criminal Law—Instructions.—In view of the defense relied upon by accused the exception based upon self defense should be eliminated from the instructions, and the idea of a conviction for voluntary manslaughter upon the reckless and careless use of the pistol should be embraced.

3. Criminal Law—Careless and Reckless Use of Deadly Weapon.— One who points a pistol at another and snaps it, cannot, in the eyes of the law, be guiltless under the theory of accidental killing. Such conduct indicates such a careless and reckless use lof a deadly weapon as to make the defendant at least guilty of the offense of involuntary manslaughter.

LOUIS I. IGLEHEART for appellant.

JAMES GARNETT, Attorney General, O. S. HOGAN, Assistant Attorney General for appellee.

OPINION OF THE COURT BY JUDGE WINN—Reversing.

Appellant, upon an indictment in the Daviess Circuit Court charging him with the murder of Mose Davis, was found guilty by the jury of voluntary manslaughter; whereupon it was adjudged that he be confined in the penitentiary from two to twenty-one years. He appeals. The facts are very brief. Upon a Sunday a couple of negro men were in a public road, the one in a buggy and the other standing talking with him. While they were thus engaged, the appellant, Speaks, and the deceased, Mose Davis, came walking up to the buggy. The man in the buggy noticed that Speaks had a pistol in his

pocket; whereupon Davis asked Speaks what he was doing with the pistol. Speaks asked Davis if he did not believe it would burn, repeating the question twice more. Davis answered, "No, I don't believe it will burn." Speaks answered, according to one witness, "You are a damn liar," and according to all the witnesses, pulled the pistol and shot Davis. Neither Speaks nor Davis talked like they were mad. According to one witness, they both were laughing; and according to all the testimony, Speaks immediately said that he did not mean to shoot Davis. Speaks testifies for himself that he was seventeen years of age; that he had known Mose Davis all his life, and that they were good friends. He repeats the conversation about his question as to whether Davis believed the pistol would burn him; says that he was not in a bad humor; that he pulled the pistol from his pocket and snapped it at Davis; that he did not know there was any load in the pistol; that he did not mean to shoot Davis; that he did not know the pistol was loaded; and that the shooting was accidental.

Upon the trial, the court gave instructions upon murder, voluntary manslaughter, involuntary manslaughter and killing by accident. Then the court gave the jury this instruction:

"If the jury believe from the evidence to the exclusion of a reasonable doubt that the defendant is proven to be guilty, but entertain a reasonable doubt as to whether he is proven to be guilty as supposed in the first instruction or the second instruction, or in the seventh instruction, then if they find him guilty they should do so under the second instruction and return their verdict as pointed out in that instruction under which they find him guilty, if they do so."

The first instruction was upon murder, the second upon voluntary manslaughter, and the seventh upon involuntary manslaughter. It will be noted that under this third instruction it was impossible for the jury to find the defendant guilty of involuntary manslaughter; because in endeavoring to set out the duty of the jury where it had doubt as to the degree of the offense, the court did not permit the jury to find the defendant guilty of anything less than voluntary manslaughter, the degree of the offense named in the second instruction. Upon this instruction, we quote as follows from the brief of the Attorney General:

"We call attention to instruction No. 3, on page 6 of the transcript, which is in effect a peremptory instruction to find the defendant guilty of voluntary manslaughter, and by this the jury was denied the right to pass upon the degree of the offense, which was entirely within its province, and the defendant denied the right to have the jury pass upon the degree, which is a right accorded him by law.    Williams v. Com., 80 Ky., 313. Ireland v. Com., 22 Rep., 478.   Arnold v. Com., 24 Rep., 1921.    Fields v. Com., 5 Rep., 861.   Ewing v. Com., 129 Ky., 237.

"It is not the duty of this department to prosecute, but, on the other hand, to see that every citizen of the Commonwealth has a fair and impartial hearing upon a trial, especially should this be true in this case, when we are dealing with a poor, ignorant negro boy, seventeen years of age, and without the assistance of friends. We are, therefore, in the face of former decisions of this court and the instructions given by the trial court, forced to concur with appellant and recommend a reversal of this case, in order that justice may be done."

The position of the Attorney General is brave and fair in spirit and commendable in its motive and effect; and the case must be reversed for the confessedly prejudicial error in the instruction named.   There are, as well, errors in other instructions which should be noticed.   The court, if the facts upon retrial are substantially the same as before, will give instruction No. 1 as before.

In giving instruction No. 2, the court will eliminate from the former instruction Number 2 the exception based upon self defense; and will embrace in it the idea of a conviction for voluntary manslaughter upon the reckless and careless use of the deadly weapon, upon the authority of Ewing v. Com., 129 Ky., 237; McGeorge v. Com., 145 Ky., 540, and Hunn v. Com., 143 Ky., 143. Instruction No. 2 should be in substance as follows:

"If the jury believe from the evidence they have heard in this case to the exclusion of a reasonable doubt that in Daviess County, and before the finding of the indictment in this prosecution and in the year 1912, the defendant unlawfully, wilfully and feloniously killed Mose Davis by shooting him with a pistol loaded with powder and leaden ball or other hard substance, of which shooting the said Davis did then and there imme-

diately die, and it was done in a sudden heat and passion or in a sudden affray and without previous malice, or if they believe from the evidence to the exclusion of a reasonable doubt that the defendant shot and killed said Davis, if he did so, in said county and before the finding of the indictment, without malice aforethought by the reckless or grossly careless handling or shooting of the pistol, when he knew, if he did so know, or had reason to know, that the pistol was dangerous to life in the way he used it, although he did not intend to shoot said Davis, then the jury should find the defendant guilty of voluntary manslaughter and so state in their verdict.''

The third instruction, in lieu of No. 7, given upon the former trial, will be in substance as follows:

''If the jury believe from the evidence that Speaks had reasonable grounds to believe, and did believe, there was no danger in handling the pistol as he did, and that it was done without any purpose of harm upon his part, but if they further believe from the evidence to the exclusion of a reasonable doubt that the killing resulted from his careless use of the weapon, and in Daviess County and within twelve months before the finding of the indictment in this prosecution, then they should find him guilty of involuntary manslaughter, and fix his punishment at a fine in any sum in their discretion or confinement in the county jail for any length of time in their discretion, or they may both so fine and imprison him in their discretion.''

The fourth instruction given before, should be given again.

The fifth instruction, to be given in lieu of instruction No. 3 upon the former trial, should be in substance as follows:

''If there is a reasonable doubt of the defendant being proven guilty, the jury will acquit him. If there is a reasonable doubt of the degree of the offense which the defendant has committed, he should only be convicted of the lower degree. Voluntary manslaughter is a lower degree of the offense than murder; and involuntary manslaughter is a lower degree than voluntary manslaughter.''

Instruction No. 5, given before, should be given as No. 6 upon retrial, save that it will be improved by inserting the word ''defendant'' in place of the word ''he.''

No instruction upon accidental killing should be given. One who points a pistol at another and snaps it cannot, in the eyes of the law, be guiltless under the theory of accidental killing. Such conduct indicates such a careless and reckless use of a deadly weapon as to make the defendant at least guilty of the offense of involuntary manslaughter.

No other instructions than those indicated will be given on the new trial.

For the reasons given, the judgment of the trial court is reversed and the cause remanded for a new trial consistent herewith.